UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS NEWELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. 2:17-cv-00334-WTL-MJD |
| DICK BROWN, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Demetrius Newell for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 17-03-0048. For the reasons explained in this Entry, Mr. Newell's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On March 13, 2017, intelligence analyst B. Brock wrote a conduct report in case WVE 17-03-0048, charging Mr. Newell with offense B-240/220, conspiracy to commit unauthorized financial transaction. Dkt. 8-1. The conduct report states:

> On 03/13/2017 at Approximately 10:30 AM I Intelligence Analyst B. Brock did review a J-Pay letter sent from Demetrius Newell 139043 to Tocasha Cooper on 03/10/2017. The letter goes as follows "I need you to send 300 to my man sister the 260#". Per Policy 04-01-104, IX, offenders found to be attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another shall be subject to disciplinary action. Per the above J-Pay sent by Newell he is in direct violation of Conspiracy to commit a unauthorized financial transaction.

*Id.*

On March 14, 2017, Mr. Newell was notified of the charge of B-240/220 conspiracy/attempting/aiding in engaging in unauthorized financial transaction and served with a copy of the conduct report and screening report. Dkt. Nos. 8-1 & 8-4. Mr. Newell was notified of his rights, pleaded not guilty, and elected to have appointed a lay advocate. Mr. Newell also requested physical evidence in the form of a phone recording, but it appears from the record his request was denied because he could not provide a specific date of the phone call. Dkt. No. 8-4.

On March 16, 2017, the hearing officer held a hearing in case WVE 17-03-0048. Dkt. No. 8-6. Mr. Newell pleaded not guilty and provided the following statement:

> I haven't given anyone's name (offender) I was just sending a quick text to my family because it was close to count time. I didn't know I had to send a full name not to be accused of this. I don't know any with name sister.

*Id.*

Relying on the conduct report, Mr. Newell's statement, the Indiana Department of Correction ("IDOC") policy, and the J-Pay letter sent by Mr. Newell, the hearing officer found Mr. Newell guilty of B-240/220 conspiracy/attempting/aiding in engaging in unauthorized financial transaction. *Id*. Due to the seriousness of the offense and the likelihood of the sanction having a corrective effect on Mr. Newell's future behavior, the hearing officer imposed the following sanctions: 31-days' lost phone privileges, 45-days' lost good-time credit, and a suspended sanction of demotion from credit class I to credit class II. *Id*.

Mr. Newell appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C. **Analysis**

In his petition, Mr. Newell raises sufficiency of the evidence as his sole grounds for relief. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report transcribed a message written

by Mr. Newell: "I need you to send 300 to my man sister the 260#." The conduct report provides some evidence that Mr. Newell conspired to engage in an unauthorized financial transaction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Newell to the relief he seeks. Accordingly, Mr. Newell's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/29/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS NEWELL
139043
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

James Boyer
INDIANA ATTORNEY GENERAL
james.boyer@atg.in.gov